# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. BAHENSKY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, CSP CORCORAN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:10-cv-00902 GSA PC<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO EXHAUST ADMINISTRATIVE<br>REMEDIES |

**I.　Screening Requirement**

Plaintiff, a former state prisoner, is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff names as defendants individuals employed by the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at Corcoran. Plaintiff names the following individual defendants: the Warden at CSP Corcoran, Physician's Assistant Peters; Dr. Nyenke, M.D. Plaintiff also names the F Facility Medical Department as a defendant. Plaintiff claims that he was subjected to inadequate medical care such it constituted cruel and unusual punishment in violation of the Eighth Amendment.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Plaintiff's Claims**

Plaintiff alleges that in November of 2009, be began to experience abdominal pain. Laboratory testing revealed a virus. (Compl. § IV.) Plaintiff alleges that his symptoms have gotten worse since then, including diarrhea and extreme pain. On April 23, 2010, Defendant Peters advised Plaintiff that he would not treat his back pain until he diagnosed Plaintiff's abdominal symptoms. Plaintiff underwent a colonoscopy on May 5, 2010, and has been "left with no or insufficient medication for pain and diarrhea with both P.A. Peters and M.D. Nyenke." Id. On May 11, 2010, Plaintiff was informed by R.N. Paat that she could not do anything for Plaintiff's pain as she was not a physician. She advised Plaintiff that she could only treat him for diarrhea. Id. Plaintiff alleges that, at the time the complaint was filed, his physical condition has deteriorated. (Compl. p. 3.)

**A.     Exhaustion of Administrative Remedies**

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)). "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Ngo, 548 U.S. at 88).

In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2). Pursuant to section 3084.6, informal level responses shall be completed within ten working days, first level responses shall be completed within 30 working

days, second level responses shall be completed within 20 working days, and third level responses shall be completed within 60 working days.

The allegations in the complaint indicate that the injury at issue occurred as late as May 11, 2010. The complaint was signed by Plaintiff on May 17, 2010, and received for filing on May 20, 2010. As noted above, "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. It is not plausible that Plaintiff could have submitted his grievances at each level, received a response to each grievance, and filed an appeal all the way to the final, Director's, level, in six days.

Plaintiff specifically alleges that though he filed an inmate grievance, the process has not been completed. (Compl. ¶ IC.) Plaintiff refers the Court to Wright v. State of California, 122 Cal. App. 4th 659, 668, (2004). Wright, while affirming the requirement that Plaintiff must completely exhaust his available administrative remedies prior to filing suit, notes that "exhaustion is not required where an effective remedy is lacking." Id., fn. 2. There are no allegations here that indicate an effective remedy was lacking. Under federal law, Plaintiff is not required to exhaust his administrative remedies beyond the second level of the prison appeals system in order to bring a § 1983 action under the PLRA, where, after filing his first level appeal, he has been informed that the appeals process is unavailable to him . Marella 568 F.3d at 1024. Such an allegations is not plausible in this case, as Plaintiff signed his complaint six days after the injury at issue occurred, and filed the complaint three days later. Any allegation that an effective remedy is lacking, without any attempt to file a grievance, is speculative.

Further, Plaintiff concedes that he failed to exhaust. A prisoner's concession to non-exhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam). Because plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies, this action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted available administrative remedies.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that Plaintiff has failed to exhaust his

1  available administrative remedies prior to filing suit.  Specifically, Plaintiff has alleged that he
2  initiated the grievance process, but failed to complete the process prior to initiating this action.
3  Plaintiff may avoid filing at the final level of review only if he has alleged facts indicating that there
4  is no effective remedy available.  Because Plaintiff initiated suit within 9 days of the latest date of
5  his injury, he can not allege conduct on behalf of any individual defendant indicating that he was
6  deprived of an effective remedy.  Such an allegation would be conclusory and speculative.
7  Accordingly, on December 3, 2010, Plaintiff was ordered to show cause, within fifteen days, why
8  this action should not be dismissed without prejudice to the filing of a new civil rights action after
9  Plaintiff has exhausted available administrative remedies.  Plaintiff was specifically cautioned that
10 should he fail to file a response to the order to show cause, this action will be dismissed for failure
11 to exhaust administrative remedies prior to filing suit.   The fifteen day period in which to file a
12 response to the order to show cause has passed, and Plaintiff has failed to file any response to the
13 order to show cause.
14      Accordingly, IT IS HEREBY ORDERED that  this action is dismissed, without  prejudice,
15 for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.  The Clerk
16 is directed to close this case.

19   IT IS SO ORDERED.
20   Dated:   **December 22, 2010**                         **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE